**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| ROYAL INTERCO, LLC, *et al.*, | Case No. 25-10674 (TMH) |
| Debtors.[1] | Jointly Administered |

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

On April 8, 2025 (the "Petition Date"), Royal Interco, LLC ("Interco"), Doubletree Paper Mills, L.L.C. ("Doubletree"), Royal Paper, LLC ("RP"), and Sun Paper Company, LLC ("Sun Paper", and together with Interco, Doubletree and RP, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtors' cases are being jointly administered under Case No. 25-10674.

Through their Chief Restructuring Officer and with the assistance of their advisors, the Debtors' prepared the annexed Schedules of Assets and Liabilities (the "Schedules") and the Statements of Financial Affairs (the "Statements" and together with the Schedules, the "Schedules and Statements") pursuant to section 521 of the Bankruptcy Code and Rule 1007 of the Federal Rules of Bankruptcy Procedure.

These *Global Notes and Statements of Limitations, Methodology, and Disclaimer Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (collectively, the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of all of the Debtors' Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), or are they intended to be fully reconciled with the financial statements of the Debtors. Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment and reflect the Debtors' commercially reasonable efforts to report the assets and liabilities of the Debtors.

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal EIN, are as follows: Royal Interco, LLC (7913); Doubletree Paper Mills, L.L.C. (1830); Royal Paper, LLC (9937); and Sun Paper Company, LLC (7899).  The Debtors' mailing address is 711 North 17th Avenue, Phoenix, AZ 85007.

The Debtors and their agents, attorneys, and advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein. While commercially reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Debtors and their agents, attorneys, and advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or re-categorized. In no event shall the Debtors or their agents, attorneys and advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys, and advisors are advised of the possibility of such damages.

Debtor Interco is a wholly owned subsidiary of non-debtor RP Holdco, LLC ("Holdco") and is a disregarded entity for income tax filing purposes. Debtors Doubletree, RP and Sun Paper are wholly owned subsidiaries of Debtor Interco and are disregarded entities for income tax filing purposes. The Debtors do not maintain separate books and records for each entity, since Holdco is the tax filer. The Debtors and their agents, attorneys, and advisors have, to the best of their ability, separated information for reporting in each Debtor's respective Schedules and Statements. Due to the Debtors' ordinary course consolidated reporting, however, inadvertent errors, or omissions may exist and the Debtors reserve all rights with respect thereto.

Michael Ragano, the Debtors' Chief Restructuring Officer and authorized signatory of the Debtors, has signed the Schedules and Statements. In reviewing and signing the Schedules and Statements, Mr. Ragano has relied upon the efforts, statements, and representations of the Debtors' management and their advisors. Mr. Ragano has not, and could not have, personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, creditor addresses, and intellectual property.

### Global Notes and Overview of Methodology

1. **Global Notes Control**. These Global Notes pertain to and comprise an integral part of each of the Debtors' Schedules and Statements and should be referenced in connection with any review thereof. In the event that the Schedules and Statements differ from the Global Notes, the Global Notes shall control.

2. **Reservation of Rights.** Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist. The Debtors reserve all rights (i) to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to claim

("Claim") descriptions or designations; (ii) to dispute or otherwise to assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; and (iii) to designate subsequently any Claim as "disputed," "contingent," or "unliquidated;" or to object to the extent, validity, enforceability, priority, or avoidability of any Claim.  Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated."   Listing a Claim does not constitute an admission of liability by the Debtors against which the Claim is listed or against the Debtors. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' chapter 11 cases, including, without limitation, issues involving Claims, substantive consolidation, defenses, equitable subordination, and/or causes of action, including those arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers.  Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general  reservation of rights contained in this paragraph. Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements except as may be required by applicable law.

3. **No Admission**. Nothing contained in the Schedules and Statements is intended as, or should be construed as, an admission or stipulation of the validity of any claim against the Debtors, any assertion made therein or herein, or a waiver of the Debtors' rights to dispute any claim or assert any cause of action or defense against any party.

4. **"As Of" Information Date.**  Asset values provided herein represent the data as of March 31, 2025, except as otherwise noted. Liability values provided herein represent the data as of the Petition Date, except as otherwise noted.

5. **Net Book Value of Assets.** Unless otherwise indicated, the asset data contained in the Debtors' Schedules and Statements reflects the Debtors' net book value.  Book values of assets prepared in accordance with GAAP generally do not reflect the current performance of the assets and may differ materially from the actual value of the underlying assets.

6. **Recharacterization.** Notwithstanding the Debtors' commercially reasonable efforts to characterize, classify, categorize, or designate properly certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors may nevertheless have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity of the Debtors' business. Accordingly, the Debtors reserve all of their rights to re-characterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired post-petition.  Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules and Statements, even if incorrectly

placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

7. **Liabilities.** The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change. Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary or appropriate.

   The liabilities listed on the Schedules do not reflect any analysis of Claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted Claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's Claim.

8. **Excluded Assets and Liabilities.** The Debtors have excluded certain categories of assets and liabilities from the Schedules and Statements, including, without limitation, any accrued expenses. The Debtors have also excluded rejection damage Claims of counterparties to executory contracts and unexpired leases that may or may not be rejected, to the extent such damage Claims exist. In addition, certain immaterial assets and liabilities may have been excluded.

   The Bankruptcy Court has authorized (but not directed) the Debtors to pay, in their discretion, certain outstanding Claims on a postpetition basis. Prepetition liabilities that have been paid postpetition or those that the Debtors plan to pay via this authorization have been included in the Schedules. Please see the notes to Schedule E/F for additional information.

9. **Insiders.** For purposes of the Schedules and Statements, the Debtors defined "insiders" pursuant to section 101(31) of the Bankruptcy Code as: (a) directors; (b) officers; (c) persons in control of the Debtors; (d) relatives of the Debtors' directors, officers, or persons in control of the Debtors; and (e) debtor/non-debtor affiliates of the foregoing. Persons listed as "insiders" have been included for informational purposes only and the inclusion of them in the Schedules and Statements shall not constitute an admission that those persons are insiders for purposes of section 101(31) of the Bankruptcy Code. Moreover, the Debtors do not take any position with respect to: (a) any insider's influence over the control of the Debtors; (b) the management responsibilities or functions of any such insider; (c) the decision making or corporate authority of any such insider; or (d) whether the Debtors or any such insider could successfully argue that he or she is not an "insider" under applicable law or with respect to any theories of liability or for any other purpose.

10. **Personally Identifiable Information.** Pursuant to the *Order (I) Authorizing Debtors to Seal Certain Personally Identifiable Information for Customers, Creditors, and Parties in*

*Interest and (II) Granting Related Relief* (D.I. 43), the Schedules and Statements have redacted personally identifiable information that is described in that order.

11. **Intellectual Property Rights.** Exclusion or inclusion of certain intellectual property shall not be construed to be an affirmation that such intellectual property rights are valid or enforceable, or an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.

12. **Classifications**. Listing (a) a Claim on Schedule D as "secured," (b) a Claim on Schedule E/F as "priority," (c) a Claim on Schedule E/F as "unsecured," or (d) a contract on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to recharacterize or reclassify such Claims or contracts or to setoff of such Claims.

13. **Claims Description.** Schedules D and E/F permit the Debtors to designate a Claim as "disputed," "contingent," and/or "unliquidated." Any failure to designate a Claim on the Debtors' Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated," or that such Claim is not subject to objection. The Debtors reserve all of their rights to dispute, or assert offsets or defenses to, any Claim reflected on its Schedules and Statements on any grounds, including liability or classification. Additionally, the Debtors expressly reserve all of their rights to subsequently designate such Claims as "disputed," "contingent," or "unliquidated." Moreover, listing a Claim does not constitute an admission of liability by the Debtors.

14. **Estimates and Assumptions**. To prepare and file the Schedules and Statements in accordance with the deadline ordered by the Bankruptcy Court in these chapter 11 cases, management was required to make reasonable estimates and assumptions that affected the reported amounts of these assets and liabilities. The Debtors reserve all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

15. **Causes of Action.** The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross-claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, or assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

16. **Summary of Significant Reporting Policies.** The following is a summary of significant reporting policies:

    a. <u>Undetermined Amounts</u>. The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

    b. <u>Totals.</u> All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

    c. <u>Paid Claims</u>. The Debtors were authorized (but not directed) to pay certain outstanding prepetition Claims pursuant to various orders entered by the Bankruptcy Court. The Debtors reserve all of their rights to amend or supplement the Schedules and Statements or take other action as is necessary or appropriate to avoid over-payment of or duplicate payments for any such liabilities. Please see notes to Schedule E/F for any additional information.

    d. <u>Liens</u>. The inventories, property and equipment listed in the Schedules and Statements are presented without consideration of any asserted mechanics', materialmen, shippers', or similar liens that may attach, or have attached, to such inventories, property, and equipment.

17. **Currency.** Unless otherwise indicated, all amounts are reflected in U.S. dollars.

18. **Duplication**. Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in multiple parts of the Schedules and Statements. To the extent these disclosures would be duplicative, the Debtors have determined to only list such assets, liabilities, and prepetition payments once.

19. **Setoffs.** The Debtors periodically incur certain setoffs in the ordinary course of business. Setoffs in the ordinary course can result from various items including, but not limited to, pricing discrepancies, returns, refunds, negotiations, and/or disputes between the Debtors and their suppliers. These normal setoffs are consistent with the ordinary course of business in the Debtors' industry and can be particularly voluminous, making it unduly burdensome and costly for the Debtors to list such ordinary course setoffs. Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for, and as such, are or may be excluded from the Debtors' Schedules and Statements.

20. **Property and Equipment.** Unless otherwise indicated, owned property and equipment are stated at net book value. There may be variances between what is contained in the Schedules and Statements and what the Debtors currently have. The Debtors may lease furniture, fixtures, and equipment from certain third party lessors. Any such leases are set forth in Schedule G. Nothing in the Schedules and Statements are, or shall be construed as, an admission as to the determination as to the legal status of any lease, including

whether any lease is a true lease or a financing arrangement, and the Debtors reserve all rights with respect thereto.

21. **Guarantees.** The Debtors have made commercially reasonable efforts to locate and identify guarantees and other secondary liability claims (collectively, the "Guarantees") in their executory contracts, unexpired leases, and other such agreements. Where such Guarantees have been identified, they have been included on Schedule H for the Debtors. However, certain Guarantees embedded in the Debtors' executory contracts, unexpired leases, and other such agreements may not have been included or may have been inadvertently omitted. The Debtors reserve all rights to amend, supplement, and otherwise modify the Schedules in this regard.

22. **Excluded Assets and Liabilities.** The Debtors have excluded certain categories of assets and liabilities from the Schedules and Statements, including without limitation certain accrued expenses and any damages that may arise in connection with the rejection of any executory contracts or unexpired leases. In addition, the Debtors may have excluded certain liabilities for which the Debtors have been granted authority to pay pursuant to certain orders of the Bankruptcy Court entered in these chapter 11 Cases on or about April 10, 2025, and/or May 2, 2025 (collectively, the "First Day Orders") or other order that may be entered by the Bankruptcy Court. Certain immaterial or *de minimis* assets and liabilities may have been excluded.

23. **Fiscal Year.** The Debtors operate under a fiscal year ending December 31. Unless otherwise indicated, all references to "annual," "annually," "year," "years," or an otherwise similar length of time are presumed to refer to a period of time ending December 31 of the referenced period or periods.

24. **Completeness**. Every effort has been made to ensure that the Schedules and Statements are as complete and accurate as possible.

25. **Global Notes Control.** In the event that the Schedules or Statements differ from any of the foregoing Global Notes, the Global Notes shall control.

### <u>Specific Notes with Respect to the Debtors' Schedules of Assets and Liabilities</u>

The Schedules do not purport to represent financial statements prepared in accordance with GAAP, nor are they intended to be fully reconciled with the financial statements of the Debtors. Additionally, the Schedules contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtors' reasonable best efforts to report the assets and liabilities of the Debtors. Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that the Debtors show more assets than liabilities, this is not an admission that the Debtors were solvent as of the Petition Date or at any time before the Petition Date. Likewise, to the extent the Debtors show more liabilities than assets, this is not an admission that the Debtors were insolvent as of the Petition Date or at any time before the Petition Date.

1. **Schedule A/B-3 – Checking, savings, or other financial accounts, CDs, etc.**

The Debtors reported their bank account balances as of the Petition Date.

2. **Schedule A/B-8 – Prepayments including prepayments on executory contracts, leases, insurance, taxes and rent.**

All prepayments made on behalf of the Debtors are attributed to Debtor RP who is the Debtor that made each prepayment. The Debtors have included prepayments that were paid in the normal course (*e.g.*, insurance and Saas subscriptions) and prepayments related to the purchase of raw materials. The Debtors have also included a professional fee deposit that is currently being held by Finn Dixon & Herling LLP.

3. **Schedule A/B-11 – Accounts Receivable.**

The Debtors Accounts Receivable balances are as of March 31, 2025. These amounts are attributed to Debtor RP as the custodian of all cash accounts. The Debtors evaluate the collectability of their accounts receivable based on a combination of factors including the Debtors' historical collection of outstanding receivables, the amount of outstanding receivables, and payment patterns.

4. **Schedule A/B-15 – Stock and interests in incorporated and unincorporated businesses.**

Debtor Interco owns 100% of Debtors Doubletree, RP and Sun Paper.

5. **Schedule A/B-19-25 – Inventory purchased within 20 days.**

Certain inventory related items were purchased by the Debtors within 20 days before the Petition Date. These include payments made via ACH, wire, and checks (cut and cleared prepetition). The Debtors have calculated this amount through tabulation of all cash disbursements made for inventory for their internal report. The Debtors used the cash basis method in calculating the amount of this inventory. Further, the reserve is applied against Debtor RP's raw materials as the Debtors do not bifurcate reserves by category. "Other Inventory" relates to parts on-hand for vehicles, equipment, machinery, etc. These amounts are capitalized at Doubletree and Debtor RP, whereas Debtor Sun Paper expenses these amounts as they are purchased.

6. **Schedule A/B-39, A/B-40, A/B-41, A/B-47 and A/B-50 – Office and business equipment.**

The Debtors' office and business equipment, fixtures, machinery, furnishings, and supplies are reported at the net book value per the Debtors' existing records. See paragraph 20 above. Furniture and fixtures are reported on a combined basis based on the Debtors' books and records. Due to the volume of the Debtors' fixed asset records, certain assets may not have been listed on an individual basis.

**7. Schedule A/B—55-58 – Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest.**

The Debtors have listed owned and leased property along with leasehold improvements related to the leased properties and reported at the net book value. All leasehold improvements are booked to Debtor RP in the general ledger and as such, all value is allocated to it.

**8. Schedule A/B-60-65 – Intangibles and intellectual property.**

The Debtors have included known intellectual property assets with an undetermined value. Trademarks and Domain names have been allocated to Debtor RP who is the listed registrant for these intangible assets.

The Debtors may have rights to intellectual property that are not listed, such as intellectual property owned by third parties which the Debtors may have rights to use. Omission of intellectual property in the Schedules should not be construed as an admission that the Debtors do not have rights and ownership to such intellectual property.

**9. Schedule A/B-72 – Tax refunds and unused net operating losses (NOLs).**

Any NOLs related to the Debtors would be attributed to non-debtor entities as all tax attributes are passed through to the members of Holdco.

**10. Schedule A/B-73 – Interests in insurance policies or annuities.**

The Debtors maintain a variety of insurance policies including property and general liability policies, among others. The Debtors' interests in these policies are limited to the amount of the premiums that the Debtors have prepaid, if any, as of the Petition Date, and any prefunded tail policies. To the extent the Debtors have made a determination as to the amount of prepaid insurance premiums or prefunded tail policies as of the Petition Date, such amounts are listed on Exhibit A/B, Part 2, Question 8.  All policies are expected to remain active.

**11. Schedule A/B-77 – Other property of any kind not already listed.**

The Debtors have certain Employee Retention Tax Credits ("ERCs"), which are currently not listed on the balance sheet, that may provide value to the estates.  As of the filing of these Schedules and Statements, the Internal Revenue Service ("IRS") has only approved ERCs in the amount of $393,330 for Debtor Sun Paper and $555,169 with respect to Debtor Doubletree.  The remainder of the ERCs do not have any value ascribed to them pending review by the IRS and as such, are undetermined.

**12. Schedule D**

The information contained in Schedule D is as of the Petition Date.  Except as specifically stated herein, real property lessors, utility companies and other parties which may hold security deposits have not been listed on Schedule D.  The Debtors have not included parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights, including certain parties from whom the Debtors have received lien notices but whose notices the Debtors understand have not yet been filed or recorded.  While reasonable efforts have been made,

determination of the date upon which each claim in Schedule D was incurred or arose would be unduly burdensome or cost prohibitive, and therefore the Debtors may not list a date for each claim listed on Schedule D.

The Debtors are taking no position on the extent or priority of any particular creditor's lien in this document.

### 13. Schedule E/F

The listing of a claim on Schedule E/F, Part 1, does not constitute an admission by the Debtors that such claim or any portion thereof is entitled to priority treatment under section 507 of the Bankruptcy Code. The Debtors reserve all rights to dispute the amount and the priority status of any claim on any basis at any time.

The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtors. The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same.

Unsecured claims against the Debtors are listed against Debtor RP regardless of which Debtor a particular claim may be against. The bases for this classification are that Debtor RP is the entity that makes payments on behalf of the other Debtors and the books and records do not differentiate between Debtors with respect to these unsecured claims.

On April 30, 2025, the Court entered an order authorizing the Debtors to reject certain employment agreements. See D.I. 116. Claims on account of the rejected employment agreements are listed on Schedule E/F.

The Bankruptcy Court granted authority for the Debtors to pay certain obligations related to utilities (D.I. 44), insurance programs (D.I. 46), taxes (D.I. 47), customer programs (D.I.48), critical vendors (D.I. 49), claims of certain possessory lien claimants (D.I. 50), employee wages/compensation and benefits (D.I. 51), credit card and bank fees (D.I. 52). Accordingly, some Claims listed on Schedule E/F have been or may be paid but were unpaid at the Petition Date. Schedule E/F does not include certain deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific Claims as of the Petition Date. The Debtors have made every effort to include as contingent, unliquidated, or disputed the Claim of any vendor not included on the Debtors' open accounts payable that is associated with an account that has an accrual or receipt not invoiced.

### 14. Schedule G

The Debtors' existing books, records and financial systems have been relied upon to identify and schedule executory contracts of the Debtors. Although reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions, or inclusions may have

occurred.  The Debtors do not make, and specifically disclaim, any representation or warranty as to the completeness or accuracy of the information set in Schedule G.  The Debtors hereby reserve all of their rights to dispute the validity, the status, the enforceability of any contract, agreement, or lease set forth in Schedule G and to amend or supplement Schedule G as necessary.  The contracts, agreements, and leases listed in Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may have not been listed therein despite the Debtors' use of reasonable efforts to identify such documents.  Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other documents made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contact or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.

Certain of the contracts reflected on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional lands, and other miscellaneous rights.  Such rights, powers, duties, and obligations are not separately set forth on Schedule G.  The Debtors hereby expressly reserve the right to assert that any contract listed on Schedule G is an executory contract or unexpired lease within the meaning of section 365 of the Bankruptcy Code.  In addition, the Debtors reserve all of their rights, claims, and causes of action with respect to claims associated with any contract listed on Schedule G, including their right to dispute or challenge the characterization or the structure of any transaction, document, or instrument (including any intercompany agreement).

Certain of the contracts and agreements listed on Schedule G may consist of several parts, including, purchase orders, amendments, restatements, waivers, letters and other documents that may not be listed on Schedule G or that may be listed as a single entry.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, it is the Debtors' intent that each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon. In some cases, the same supplier or provider appears multiple times on Schedule G.  This multiple listing is intended to reflect distinct agreements between the Debtors and such supplier or provider.

In the ordinary course of business, the Debtors may enter into agreements titled as leases for property or other real property interests and equipment from third-party lessors for use in the daily operation of their business.  Any known pre-petition obligations of the Debtors' pursuant to the same have been listed on Schedule E/F.  The underlying lease agreements are listed on

Schedule G, or, if the leases are in the nature of real property interests under applicable state laws, on Schedule A/B. Nothing in the Schedules and Statements is, or shall be construed to be, an admission as to the determination of the legal status of any lease (including whether any lease is a true lease, a financing arrangement, or a real property interest), and the Debtors reserve all rights with respect to such issues.

### Specific Notes with Respect to the Debtors' Statement of Financial Affairs

#### 1.   SOFA - Question 1 – Gross revenue from business.

The Debtors are engaged in the manufacturing and supplying of paper products to their customers. The Debtors have reported revenue generated from business operations for fiscal years 2023, 2024, and YTD 2025 (through March 31, 2025). See D.I. 3 for a full description of the Debtors' business operations.

#### 2.   SOFA - Question 2 – Non-business revenue.

The Debtors have reported all other non-business operations related revenue for fiscal years 2023, 2024, and YTD 2025 (through March 31, 2025), including proceeds from fire insurance in excess of losses, interest income, and non-recurring, miscellaneous refunds received in the ordinary course of the Debtors' business which are separated in the Debtors' books and records.

#### 3.   SOFA - Question 3 – Certain payments or transfers to creditors within 90 days before filing these cases.

Payments made by the Debtors to creditors within the 90-day period of the Petition Date are included with the exception of payments to certain vendors where checks were issued but voided after the Petition Date and payments to certain creditors that amounted to less than $8,575 in the aggregate.  However, payments to insiders made in the 90-day period before filing (and disclosed as part of the one-year period response to Statement, Part 2, Question 4) and payments related to bankruptcy in the 90-day period before filing (and disclosed as part of the one-year period response to Statement, Part 6, Question 11) are not included in the response to Statement, Part 2, Question 3 – 90-day payments.  Debtor RP makes payments on behalf of all Debtors. Accordingly, all payments are attributed to it.

#### 4.   SOFA - Question 4 – Payments or transfers of property made within 1 year before filing these cases that benefited any insider.

The Debtors have provided all payments to, or on behalf of, insiders within one year preceding the Petition Date.  These payments include wages and, to the extent not listed in SOFA – Question 3, expense reimbursements to the insiders.  As noted in the employee wage motion (D.I. 13), the Debtors use Paycom Payroll ("Paycom") to administer their payroll, which includes calculating and processing gross-to-net payroll, issuing payroll payments to the appropriate funds transfer networks, generating pay statements and coordinating the payment of any withholding obligations.  The wages related transfers listed in the one year period preceding the Petition Date

were included on the per pay period fundings to Paycom who ultimately deposited the money in the individual accounts and remitted the tax/withholding payments on the Debtors behalf.

### 5. SOFA - Question 6 – Setoffs made by any creditor within 90 days preceding commencement of these cases.

For a discussion of routine setoffs and nettings incurred by the Debtors in the ordinary course of business, see note related to Setoff processing in paragraph 19 above.

### 6. SOFA - Question 11 - Payments related to bankruptcy.

The Debtors have provided all payments to their advisors related to debt consolidation or restructuring, seeking bankruptcy relief, and filing a bankruptcy case within one year preceding the Petition Date.  The amounts listed reflect advanced retainer payments and do not account for any invoices paid using such advanced retainer payments by the advisors. Further, all payments are listed on the Statement for Debtor RP.

### 7. SOFA - Question 17 – Identify all ERISA, 401(k), 403(b) or other pension funds within 6 years.

The Debtors have a 401(k) plan through Debtor RP that is made available to all of the Debtors' eligible employees.  The 401(k) plan is administered by The Standard.

### 8. SOFA - Question 20 – Off-premises storage.

The locations listed for off-premises storage do not include shippers that are holding goods which are in transit, including but not limited to goods in trucks or in warehouses where they may be temporarily stored during the transport process.

### 9. SOFA - Question 21– Property held for another.

The Debtors are currently holding equipment that has been previously sold to a third-party but remains with Debtor RP.  The equipment was scheduled to be picked up on April 25, 2025, but remains with the Debtors due to delays by the purchaser.

### 10. SOFA - Question 26a – Books, records, and financial statements.

The Debtors have included the individuals comprised of senior management who have maintained the Debtors' books and records within the two years prior to the Petition Date. In the ordinary course, the Debtors also employ other accounting and finance related team members whose work is ultimately reviewed and approved by senior management.

**11. SOFA Part 13, Question 26b – Books, records, and financial statements.**

The Debtors are pass-through and disregarded entities for income tax purposes, and are wholly owned by Holdco. Accordingly, the Debtors have included the accounting firm that prepared Holdco's tax returns and prepared a consolidated audit in 2023 as having possession of the Debtors' books, records and financial statements.

**12. SOFA Part 13, Question 26d – List all financial statement recipients within 2 years.**

The Debtors are required to provide the Holdco consolidated financial statements to NXT Capital (Agent) and Gridiron Capital as part of their credit/ownership agreements. However, vendors may ask for a copy of financials for their credit analysis. This is not tracked internally and as such these vendors are not disclosed specifically herein. No standalone financials are provided.

**13. SOFA Part 13, Question 30 – List all payments or distributions made to, or for the benefit of, an insider within 1 year.**

For a detailed list of distributions made to, or for the benefit of, an insider within 1 year, refer to SOFA 4.

**14. SOFA Part 13, Question 31 – Identify the consolidated tax filer for the last 6 years.**

The Debtors tax returns are filed on a consolidated basis under Holdco, and as such, they do not prepare standalone tax returns.

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor | Sun Paper Company, LLC |
| United States Bankruptcy Court for the: | Delaware |
| Case number (if known) | 25-10675 |

☐ Check if this is an
amended filing

Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals

12/15

---

| **Part 1:** | **Summary of Assets** |
|---|---|

1. **Schedule A/B: Assets-Real and Personal Property** (Official Form 206A/B)

   1a. **Real property:**
   Copy line 88 from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

   | UNDETERMINED |
   |---|

   1b. **Total personal property:**
   Copy line 91A from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

   | $16,653,799.02 |
   |---|

   1c. **Total of all property:**
   Copy line 92 from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

   | $16,653,799.02 |
   |---|

---

| **Part 2:** | **Summary of Liabilities** |
|---|---|

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim*, from line 3 of *Schedule D* . . . . . . . . .

   | $205,143,282.77 |
   |---|

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206EF)

   3a. **Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of Schedule E/F . . . . . . . . . . . . . . . . . . . . . . . . . . .

   | NOT APPLICABLE |
   |---|

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of Schedule E/F . . . . . . . . . . . . .

   | + NOT APPLICABLE |
   |---|

4. **Total liabilities** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
   Lines 2 + 3a + 3b

   | $205,143,282.77 |
   |---|

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor | Sun Paper Company, LLC |
| United States Bankruptcy Court for the: | Delaware |
| Case number (if known) | 25-10675 |

☐ Check if this is an amended filing

Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property

**12/15**

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

## Part 1:   CASH AND CASH EQUIVALENTS

**1.   DOES THE DEBTOR HAVE ANY CASH OR CASH EQUIVALENTS?**
☑ No. Go to Part 2.
☐ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|
| **2.   CASH ON HAND** | |
| **3.   CHECKING, SAVINGS, MONEY MARKET, OR FINANCIAL BROKERAGE ACCOUNTS** *(IDENTIFY ALL)* | |
| **4.   OTHER CASH EQUIVALENTS** | |
| **5   Total of Part 1.** ADD LINES 2 THROUGH 4 (INCLUDING AMOUNTS ON ANY ADDITIONAL SHEETS). COPY THE TOTAL TO LINE 80. | NOT APPLICABLE |

## Part 2:   DEPOSITS AND PREPAYMENTS

**6.   DOES THE DEBTOR HAVE ANY DEPOSITS OR PREPAYMENTS?**
☑ No. Go to Part 3.
☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|
| **7.   DEPOSITS, INCLUDING SECURITY DEPOSITS AND UTILITY DEPOSITS** DESCRIPTION, INCLUDING NAME OF HOLDER OF DEPOSIT | |
| **8.   PREPAYMENTS, INCLUDING PREPAYMENTS ON EXECUTORY CONTRACTS, LEASES, INSURANCE, TAXES, AND RENT** DESCRIPTION, INCLUDING NAME OF HOLDER OF PREPAYMENT | |

| Debtor | Sun Paper Company, LLC | Case number (if known) | 25-10675 |
|---|---|---|---|
| | (Name) | | |

| 9 | **Total of Part 2.**<br>ADD LINES 7 THROUGH 8. COPY THE TOTAL TO LINE 81. | NOT APPLICABLE |
|---|---|---|

| **Part 3:** | **ACCOUNTS RECEIVABLE** |
|---|---|

**10.  DOES THE DEBTOR HAVE ANY ACCOUNTS RECEIVABLE?**

☒ No. Go to Part 4.

☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

**11.  ACCOUNTS RECEIVABLE**

| 12 | **Total of Part 3.**<br>CURRENT VALUE ON LINES 11A + 11B = LINE 12. COPY THE TOTAL TO LINE 82. | NOT APPLICABLE |
|---|---|---|

| **Part 4:** | **INVESTMENTS** |
|---|---|

**13.  DOES THE DEBTOR OWN ANY INVESTMENTS?**

☒ No. Go to Part 5.

☐ Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

**14.  MUTUAL FUNDS OR PUBLICLY TRADED STOCKS NOT INCLUDED IN PART 1**

NAME OF FUND OR STOCK:

**15.  NON-PUBLICLY TRADED STOCK AND INTERESTS IN INCORPORATED AND UNINCORPORATED BUSINESSES, INCLUDING ANY INTEREST IN AN LLC, PARTNERSHIP, OR JOINT VENTURE**

**16.  GOVERNMENT BONDS, CORPORATE BONDS, AND OTHER NEGOTIABLE AND NON-NEGOTIABLE INSTRUMENTS NOT INCLUDED IN PART 1**

DESCRIBE:

| 17 | **Total of Part 4.**<br>ADD LINES 14 THROUGH 16. COPY THE TOTAL TO LINE 83. | NOT APPLICABLE |
|---|---|---|

| **Part 5:** | **INVENTORY, EXCLUDING AGRICULTURE ASSETS** |
|---|---|

**18.  DOES THE DEBTOR OWN ANY INVENTORY (EXCLUDING AGRICULTURE ASSETS)?**

☐ No. Go to Part 6.

☒ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19.  RAW MATERIALS** | | | | |
| 19.1.    RAW MATERIAL | | $2,472,821.00 | NET BOOK VALUE | $2,472,821.00 |
| **20.  WORK IN PROGRESS** | | | | |
| NONE | | | | |
| **21.  FINISHED GOODS, INCLUDING GOODS HELD FOR RESALE** | | | | |
| 21.1.    FINISHED GOODS | | $988,009.00 | NET BOOK VALUE | $988,009.00 |
| **22.  OTHER INVENTORY OR SUPPLIES** | | | | |

Debtor    Sun Paper Company, LLC

(Name)

Case number (if known)    25-10675

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **22.** **OTHER INVENTORY OR SUPPLIES** **NONE** | | | | |

| | | |
|---|---|---|
| **23** | **Total of Part 5.** ADD LINES 19 THROUGH 22. COPY THE TOTAL TO LINE 84. | $3,460,830.00 |

**24.** **Is any of the property listed in Part 5 perishable?**
☒ No
☐ Yes

**25.** **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
☒ No
☐ Yes   Book value _____   Valuation method _____   Current value _____

**26.** **Has any of the property listed in Part 5 been appraised by a professional within the last year?**
☒ No
☐ Yes

| **Part 6:** | **FARMING AND FISHING-RELATED ASSETS (OTHER THAN TITLED MOTOR VEHICLES AND LAND)** |
|---|---|

**27.** **DOES THE DEBTOR OWN OR LEASE ANY FARMING AND FISHING-RELATED ASSETS (OTHER THAN TITLED MOTOR VEHICLES AND LAND)?**
☒ No. Go to Part 7.
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28.** **CROPS—EITHER PLANTED OR HARVESTED** | | | |
| **29.** **FARM ANIMALS EXAMPLES: LIVESTOCK, POULTRY, FARM-RAISED FISH** *EXAMPLES:* LIVESTOCK, POULTRY, FARM-RAISED FISH | | | |
| **30.** **FARM MACHINERY AND EQUIPMENT  (OTHER THAN TITLED MOTOR VEHICLES)**  (OTHER THAN TITLED MOTOR VEHICLES) | | | |
| **31.** **FARM AND FISHING SUPPLIES, CHEMICALS, AND FEED** | | | |
| **32.** **OTHER FARMING AND FISHING-RELATED PROPERTY NOT ALREADY LISTED IN PART 6** | | | |

| | | |
|---|---|---|
| **33** | **Total of Part 6.** ADD LINES 28 THROUGH 32. COPY THE TOTAL TO LINE 85. | NOT APPLICABLE |

**34.** **Is the debtor a member of an agricultural cooperative?**
☒ No
☐ Yes.  Is any of the debtor's property stored at the cooperative ?
   ☐ No
   ☐ Yes

**35.** **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**
☒ No
☐ Yes

**36.** **Is a depreciation schedule available for any of the property listed in Part 6?**
☒ No
☐ Yes

**37.** **Has any of the property listed in Part 6 been appraised by a professional within the last year?**
☒ No
☐ Yes

**Part 7:**    **OFFICE FURNITURE, FIXTURES, AND EQUIPMENT; AND COLLECTIBLES**

**38.**    **DOES THE DEBTOR OWN OR LEASE ANY OFFICE FURNITURE, FIXTURES, EQUIPMENT, OR COLLECTIBLES?**

☐ No. Go to Part 8.

☒ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **39.**   **OFFICE FURNITURE** | | | |
| 39.1.   FURNITURE & FIXTURES | $45,790.07 | BOOK VALUE NET DEPRECIATION | $45,790.07 |
| **40.**   **OFFICE FIXTURES** | | | |
| **NONE** | | | |
| **41.**   **OFFICE EQUIPMENT, INCLUDING ALL COMPUTER EQUIPMENT AND COMMUNICATION SYSTEMS EQUIPMENT AND SOFTWARE** | | | |
| 41.1.   COMPUTERS & SOFTWARE | $112,882.92 | BOOK VALUE NET DEPRECIATION | $112,882.92 |
| **42.**   **COLLECTIBLES** *EXAMPLES:* ANTIQUES AND FIGURINES; PAINTINGS, PRINTS, OR OTHER ARTWORK; BOOKS, PICTURES, OR OTHER ART OBJECTS; CHINA AND CRYSTAL; STAMP, COIN, OR BASEBALL CARD COLLECTIONS; OTHER COLLECTIONS, MEMORABILIA, OR COLLECTIBLES | | | |
| **NONE** | | | |

| 43 | Total of Part 7. ADD LINES 39 THROUGH 42. COPY THE TOTAL TO LINE 86. | $158,672.99 |
|---|---|---|

**44.**    **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☒ Yes

**45.**    **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☒ No

☐ Yes

**Part 8:**    **MACHINERY, EQUIPMENT, AND VEHICLES**

**46.**    **DOES THE DEBTOR OWN OR LEASE ANY MACHINERY, EQUIPMENT, OR VEHICLES?**

☐ No. Go to Part 9.

☒ Yes. Fill in the information below.

| General description Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47.**   **AUTOMOBILES, VANS, TRUCKS, MOTORCYCLES, TRAILERS, AND TITLED FARM VEHICLES** | | | |
| 47.1.   2002 OTAWA COMMANDER YT30 | UNDETERMINED | | UNDETERMINED |
| 47.2.   AURAMO/BOLZONI PAPER CLAMP - INSTALLED ON UNIT 15 | UNDETERMINED | | UNDETERMINED |
| 47.3.   CLAMP TRUCK NISSAN/UNICARRIERS 6,000LB - UNIT 16 | UNDETERMINED | | UNDETERMINED |
| 47.4.   FORKLIFT 3000 NISSAN - UNIT 3 | UNDETERMINED | | UNDETERMINED |
| 47.5.   FORKLIFT AF30LP - UNIT 11 | UNDETERMINED | | UNDETERMINED |
| 47.6.   FORKLIFT AF35LP - UNIT 12 | UNDETERMINED | | UNDETERMINED |
| 47.7.   FORKLIFT JC80LP NISSAN - UNIT 5 | UNDETERMINED | | UNDETERMINED |
| 47.8.   FORKLIFT NISSAN 8K - TO BE REPAIRED - UNIT 13 | UNDETERMINED | | UNDETERMINED |

| General description<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

**47. AUTOMOBILES, VANS, TRUCKS, MOTORCYCLES, TRAILERS, AND TITLED FARM VEHICLES**

| | | | | |
|---|---|---|---|---|
| 47.9. | FORKLIFT NISSAN AF30LP NOMAD 3,000# - UNIT 7 | UNDETERMINED | | UNDETERMINED |
| 47.10. | FORKLIFT NISSAN AF30LP NOMAD 3,000# - UNIT 8 | UNDETERMINED | | UNDETERMINED |
| 47.11. | FORKLIFT NISSAN NOMAD- UNIT 10 | UNDETERMINED | | UNDETERMINED |
| 47.12. | FORKLIFT NISSAN NOMAD- UNIT 9 | UNDETERMINED | | UNDETERMINED |
| 47.13. | FORKLIFT NISSAN PROPANE OPTIMUM 60 - UNIT 6 | UNDETERMINED | | UNDETERMINED |
| 47.14. | FORKLIFT YALE 12000# - UNIT 15 | UNDETERMINED | | UNDETERMINED |
| 47.15. | FORKLIFT-CLAMP# 2 BOLZONI/ARAUMO - IN STORAGE | UNDETERMINED | | UNDETERMINED |
| 47.16. | GENIE LIFT | UNDETERMINED | | UNDETERMINED |
| 47.17. | PAPER ROLL CLAMP MODEL 60F-RC | UNDETERMINED | | UNDETERMINED |
| 47.18. | PAPER ROLL CLAMP MODEL 60G-RCP | UNDETERMINED | | UNDETERMINED |
| 47.19. | SCISSOR LIFT JLG 26FT | UNDETERMINED | | UNDETERMINED |
| 47.20. | VEHICLES | $18,585.34 | BOOK VALUE NET DEPRECIATION | $18,585.34 |

**48. WATERCRAFT, TRAILERS, MOTORS, AND RELATED ACCESSORIES** EXAMPLES: BOATS, TRAILERS, MOTORS, FLOATING HOMES, PERSONAL WATERCRAFT, AND FISHING VESSELS

NONE

**49. AIRCRAFT AND ACCESSORIES**

NONE

**50. OTHER MACHINERY, FIXTURES, AND EQUIPMENT (EXCLUDING FARM MACHINERY AND EQUIPMENT)**

| | | | | |
|---|---|---|---|---|
| 50.1. | EQUIPMENT LEASES | $404,945.47 | BOOK VALUE NET DEPRECIATION | $404,945.47 |
| 50.2. | MACHINERY & EQUIPMENT | $8,821,944.83 | BOOK VALUE NET DEPRECIATION | $8,821,944.83 |
| 50.3. | OTHER - FOLDING PAPERBOARD BOXES, PACKAGING, AND RPE | $3,348,645.55 | BOOK VALUE NET DEPRECIATION | $3,348,645.55 |

| **51** | **Total of Part 8.**<br>ADD LINES 47 THROUGH 50. COPY THE TOTAL TO LINE 87. | $12,594,121.19 |
|---|---|---|

**52. Is a depreciation schedule available for any of the property listed in Part 8?**
☐ No
☑ Yes

**53. Has any of the property listed in Part 8 been appraised by a professional within the last year?**
☐ No
☑ Yes

**Part 9:    REAL PROPERTY**

**54. DOES THE DEBTOR OWN OR LEASE ANY REAL PROPERTY?**
☐ No. Go to Part 10.
☑ Yes. Fill in the information below.

**55. ANY BUILDING, OTHER IMPROVED REAL ESTATE, OR LAND WHICH THE DEBTOR OWNS OR IN WHICH THE DEBTOR HAS AN INTEREST**

| Debtor | Sun Paper Company, LLC | Case number (if known) | 25-10675 |
|---|---|---|---|
| | (Name) | | |

**55. ANY BUILDING, OTHER IMPROVED REAL ESTATE, OR LAND WHICH THE DEBTOR OWNS OR IN WHICH THE DEBTOR HAS AN INTEREST**

| | Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|---|
| 55.1. | REAL ESTATE LEASE - KIDCO, LLC<br>150, 170,  &171 RETLAW COURT<br>DUNCAN, SC 29334 | LEASE - PROPERTY RENTAL | UNDETERMINED | UNDETERMINED | UNDETERMINED |

| 56 | Total of Part 9.<br>ADD THE CURRENT VALUE ON LINES 55.1 THROUGH 55.6 AND ENTRIES FROM ANY ADDITIONAL SHEETS. COPY THE TOTAL TO LINE 88. | UNDETERMINED |
|---|---|---|

**57.** Is a depreciation schedule available for any of the property listed in Part 9?
☒ No
☐ Yes

**58.** Has any of the property listed in Part 9 been appraised by a professional within the last year?
☒ No
☐ Yes

**Part 10:    INTANGIBLES AND INTELLECTUAL PROPERTY**

**59.** **DOES THE DEBTOR HAVE ANY INTERESTS IN INTANGIBLES OR INTELLECTUAL PROPERTY?**
☒ No. Go to Part 11.
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60.** **PATENTS, COPYRIGHTS, TRADEMARKS, AND TRADE SECRETS** | | | |
| **61.** **INTERNET DOMAIN NAMES AND WEBSITES** | | | |
| **62.** **LICENSES, FRANCHISES, AND ROYALTIES** | | | |
| **63.** **CUSTOMER LISTS, MAILING LISTS, OR OTHER COMPILATIONS** | | | |
| **64.** **OTHER INTANGIBLES, OR INTELLECTUAL PROPERTY** | | | |
| **65.** **GOODWILL** | | | |

| 66 | Total of Part 10.<br>ADD LINES 60 THROUGH 65. COPY THE TOTAL TO LINE 89. | NOT APPLICABLE |
|---|---|---|

**67.** Do your lists or records include personally identifiable information of customers (as defined in 11 U.S.C. §§ 101(41A) and 107)?
☒ No
☐ Yes

**68.** Is there an amortization or other similar schedule available for any of the property listed in Part 10?
☒ No
☐ Yes

**69.** Has any of the property listed in Part 10 been appraised by a professional within the last year?
☒ No
☐ Yes

Debtor    Sun Paper Company, LLC

(Name)

Case number (if known)    25-10675

---

| **Part 11:** | **ALL OTHER ASSETS** |

---

**70.  DOES THE DEBTOR OWN ANY OTHER ASSETS THAT HAVE NOT YET BEEN REPORTED ON THIS FORM?**
INCLUDE ALL INTERESTS IN EXECUTORY CONTRACTS AND UNEXPIRED LEASES NOT PREVIOUSLY REPORTED ON THIS FORM.

☐ No. Go to Part 12.
☑ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|
| **71.  NOTES RECEIVABLE** | |
| DESCRIPTION (INCLUDE NAME OF OBLIGOR) | |
| **NONE** | |
| **72.  TAX REFUNDS AND UNUSED NET OPERATING LOSSES (NOLS)** | |
| DESCRIPTION (FOR EXAMPLE, FEDERAL, STATE, LOCAL) | |
| **NONE** | |
| **73.  INTERESTS IN INSURANCE POLICIES OR ANNUITIES** | |
| 73.1.  ARCH - CRIME (POLICY #PCD9303779-04) | UNDETERMINED |
| 73.2.  ARCH - MANAGEMENT LIABILITY D&O/EPL/FIDUCIARY LIABILITY (POLICY #PCD9303779-05) | UNDETERMINED |
| 73.3.  ARCH E&S - PROPERTY: PRIMARY $25,000,000 (POLICY #ESP1052816-00) | UNDETERMINED |
| 73.4.  ATRIUM (UK) - PROPERTY: $50,000,000 XS $50,000,000 (POLICY #PRPNA2405880) | UNDETERMINED |
| 73.5.  AWAC - PROPERTY: PRIMARY $25,000,000 (POLICY #0313-9159-1A) | UNDETERMINED |
| 73.6.  BEAZLEY - SITE POLLUTION (POLICY #D2F6ED240201) | UNDETERMINED |
| 73.7.  BERKLEY - EXCESS D&O/EPL (POLICY #BPRO8095588) | UNDETERMINED |
| 73.8.  BERKSHIRE - PROPERTY: PRIMARY $25,000,000 (POLICY #42-PRP-329683-01) | UNDETERMINED |
| 73.9.  COALITION - CYBER (POLICY #C-4LWN-096078- CYBER-2024) | UNDETERMINED |
| 73.10.  FALVEY INSURANCE GROUP - MARINE CARGO (POLICY #FAL- V14T1P24PNGF) | UNDETERMINED |
| 73.11.  FEDERAL INSURANCE COMPANY - COMMERCIAL GENERAL LIABILITY (POLICY #3606-95-49) | UNDETERMINED |
| 73.12.  FEDERAL INSURANCE COMPANY - UMBRELLA LIABILITY (POLICY #7819-68-19) | UNDETERMINED |
| 73.13.  FEDERAL INSURANCE COMPANY - WORKERS' COMPENSATION (POLICY #7175-52-01) | UNDETERMINED |
| 73.14.  FIDELIS BDA - PROPERTY: $50,000,000 XS $50,000,000 (POLICY #B24R0413926M) | UNDETERMINED |
| 73.15.  FIDELIS BDA - PROPERTY: PRIMARY $25,000,000 (POLICY #B24R0413925M) | UNDETERMINED |
| 73.16.  GREAT NORTHERN INSURANCE COMPANY - AUTOMOBILE LIABILITY (POLICY #7362-87-98) | UNDETERMINED |
| 73.17.  HSB - PROPERTY: 100,000,000 (POLICY #FBP2312621) | UNDETERMINED |
| 73.18.  IAT (FAC REINSURANCE) - PROPERTY: $25,000,000 XS $25,000,000 AND $50,000,000 XS $50,000,000 (POLICY #IMP4002782 00) | UNDETERMINED |
| 73.19.  MUNICH RE - PROPERTY: $50,000,000 XS $50,000,000 (POLICY #7EA7XP1003278-01) | UNDETERMINED |
| 73.20.  RISKSMITH - PROPERTY: $50,000,000 XS $50,000,000 (POLICY #24-XSP-0593) | UNDETERMINED |
| 73.21.  SOMPO - PROPERTY: PRIMARY $25,000,000 (POLICY #ARP30063836500) | UNDETERMINED |
| 73.22.  TMK (UK) - PROPERTY: PRIMARY $25,000,000 (POLICY #PRPNA2405881) | UNDETERMINED |

**74.  CAUSES OF ACTION AGAINST THIRD PARTIES (WHETHER OR NOT A LAWSUIT HAS BEEN FILED)**

| 74.1.  POTENTIAL THIRD PARTY CLAIMS | UNDETERMINED |
|---|---|
| **Nature of claim**    UNDETERMINED | |
| **Amount requested**    UNDETERMINED | |

**75.  OTHER CONTINGENT AND UNLIQUIDATED CLAIMS OR CAUSES OF ACTION OF EVERY NATURE, INCLUDING COUNTERCLAIMS OF THE DEBTOR AND RIGHTS TO SET OFF CLAIMS**

---

| Debtor | Sun Paper Company, LLC | Case number (if known) | 25-10675 |
|---|---|---|---|
| | (Name) | | |

| | | Current value of debtor's interest |
|---|---|---|
| **75.** | **OTHER CONTINGENT AND UNLIQUIDATED CLAIMS OR CAUSES OF ACTION OF EVERY NATURE, INCLUDING COUNTERCLAIMS OF THE DEBTOR AND RIGHTS TO SET OFF CLAIMS** | |
| | 75.1.    POTENTIAL CONTINGENT CLAIMS | UNDETERMINED |
| | **Nature of claim**              UNDETERMINED | |
| | **Amount requested**         UNDETERMINED | |
| **76.** | **TRUSTS, EQUITABLE OR FUTURE INTERESTS IN PROPERTY** | |
| | **NONE** | |
| **77.** | **OTHER PROPERTY OF ANY KIND NOT ALREADY LISTED  EXAMPLES: SEASON TICKETS, COUNTRY CLUB MEMBERSHIP** *EXAMPLES:* SEASON TICKETS, COUNTRY CLUB MEMBERSHIP | |
| | 77.1.    CAPITALIZATION IN PROGRESS (CIP) | $46,845.19 |
| | 77.2.    EMPLOYEE RETENTION CREDIT (Q1'21) | UNDETERMINED |
| | 77.3.    EMPLOYEE RETENTION CREDIT (Q2'21) | $393,329.65 |
| | 77.4.    EMPLOYEE RETENTION CREDIT (Q3'21) | UNDETERMINED |
| **78** | **Total of Part 11.**  ADD LINES 71 THROUGH 77. COPY THE TOTAL TO LINE 90. | $440,174.84 |
| **79.** | **Has any of the property listed in Part 11 been appraised by a professional within the last year?**  ☒ No  ☐ Yes | |

**Part 12:**    Summary

In Part 12 copy all of the totals from the earlier parts of the form.

| | Type of property | Current value of personal property | Current value of real property |
|---|---|---|---|
| **80.** | **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | | |
| **81.** | **Deposits and prepayments.** *Copy line 9, Part 2.* | | |
| **82.** | **Accounts receivable.** *Copy line 12, Part 3.* | | |
| **83.** | **Investments.** *Copy line 17, Part 4.* | | |
| **84.** | **Inventory.** *Copy line 23, Part 5.* | $3,460,830.00 | |
| **85.** | **Farming and fishing-related assets.** *Copy line 33, Part 6.* | | |
| **86.** | **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $158,672.99 | |
| **87.** | **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $12,594,121.19 | |
| **88.** | **Real property.** *Copy line 56, Part 9.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . → | | UNDETERMINED |
| **89.** | **Intangibles and intellectual property.** *Copy line 66, Part 10.* | | |
| **90.** | **All other assets.** *Copy line 78, Part 11.*      + | $440,174.84 | |

Debtor    Sun Paper Company, LLC    Case number (if known)   25-10675
        (Name)

| | | | | |
|---|---|---|---|---|
| **91.** | **Total.** Add lines 80 through 90 for each column . . . . . . . . . 91a. | $16,653,799.02 | **+** 91b. | UNDETERMINED |

| | | |
|---|---|---|
| **92.** | **Total of all property on Schedule A/B.**  Lines 91a + 91b = 92. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $16,653,799.02 |

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor | Sun Paper Company, LLC |
| United States Bankruptcy Court for the: | Delaware |
| Case number (if known) | 25-10675 |

☐ Check if this is an amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property                12/15

Be as complete and accurate as possible.

1.  **1. Do any creditors have claims secured by debtor's property?**
    ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules . Debtor has nothing else to report on this form.
    ☒ Yes. Fill in all of the information below.

| **Part 1:** | **List All Creditors with Secured Claims** |
|---|---|

2.  **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A | Column B |
|---|---|---|---|
| | | **Amount of claim** *Do not deduct the value of collateral.* | **Value of collateral that supports this claim** |
| 2.5 | **Creditor's name** NXT CAPITAL | $205,143,282.77 | UNKNOWN |
| | **Creditor's mailing address** AS ADMINISTRATIVE AGENT 191 N WACKER DR 30TH FL CHICAGO, IL  60606 | | |

**Describe debtor's property that is subject to a lien**
ALL ASSETS

**Describe the lien**
CREDIT AGREEMENT

**Is the creditor an insider or related party?**
☒ No
☐ Yes

**Creditor's email address**

**Date or dates debt was incurred**
VARIOUS

**Last 4 digits of account number:**

**Is anyone else liable on this claim?**
☐ No
☒ Yes

**Do multiple creditors have an interest in the same property?**
☒ No
☐ Yes

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

3.  **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**                $205,143,282.77

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor | Sun Paper Company, LLC |
| United States Bankruptcy Court for the: | Delaware |
| Case number (if known) | 25-10675 |

☐ Check if this is an amended filing

## Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims
**12/15**

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
|---|---|

1.  **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).
    ☒ No. Go to Part 2.
    ☐ Yes. Go to line 2.

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |
|---|---|

**Do any creditors have nonpriority unsecured claims?** (See 11 U.S.C. § 507).
☒ No.
☐ Yes.

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---|---|

5.  **Add the amounts of priority and nonpriority unsecured claims.**

|  |  |  | Total of claim amounts |
|---|---|---|---|
| 5a. | Total claims from Part 1 | 5a. | NOT APPLICABLE |
| 5b. | Total claims from Part 2 | 5b. + | NOT APPLICABLE |
| 5c. | **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | NOT APPLICABLE |

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor | Sun Paper Company, LLC |
| United States Bankruptcy Court for the: | Delaware |
| Case number (if known) | 25-10675 |

☐ Check if this is an amended filing

## Official Form 206G

## Schedule G: Executory Contracts and Unexpired Leases

12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

**1.** **Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules . There is nothing else to report on this form.

☑ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| **2.** | **List all contracts and unexpired leases** | | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|---|---|
| 2.1 | **State what the contract or lease is for and the nature of the debtor's interest** | CLARUS MASTER LEASE AGREEMENT | CLARUS CAPITAL FUNDING I LLC<br>101 FEDERAL ST, STE 1101<br>BOSTON, MA  02110 |
| | **State the term remaining** | CURRENT | |
| | **List the contract number of any government contract** | | |
| 2.2 | **State what the contract or lease is for and the nature of the debtor's interest** | EQUIPMENT SCHEDULE NO. 1 | CLARUS CAPITAL FUNDING I LLC<br>101 FEDERAL ST, STE 1101<br>BOSTON, MA  02110 |
| | **State the term remaining** | CURRENT | |
| | **List the contract number of any government contract** | | |
| 2.3 | **State what the contract or lease is for and the nature of the debtor's interest** | EQUIPMENT SCHEDULE NO. 2 | CLARUS CAPITAL FUNDING I LLC<br>101 FEDERAL ST, STE 1101<br>BOSTON, MA  02110 |
| | **State the term remaining** | CURRENT | |
| | **List the contract number of any government contract** | | |
| 2.4 | **State what the contract or lease is for and the nature of the debtor's interest** | LEASE AGREEMENT- SKYWALKER SCISSOR LIFT AND AMENDMENT | DE LAGE LANDEN FINANCIAL SERVICES INC<br>1111 OLD EAGLE SCHOOL RD<br>WAYNE, PA  19087 |
| | **State the term remaining** | CURRENT | |
| | **List the contract number of any government contract** | | |

| List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| 2.5 | State what the contract or lease is for and the nature of the debtor's interest | MASTER EQUIPMENT LEASE AGREEMENT | DE LAGE LANDEN FINANCIAL SERVICES INC 1111 OLD EAGLE SCHOOL RD WAYNE, PA 19087 |
| | State the term remaining | CURRENT | |
| | List the contract number of any government contract | | |
| 2.6 | State what the contract or lease is for and the nature of the debtor's interest | LEASE AGREEMENT | KIDCO, LLC ATTN: TED BRASHIER PO BOX 17859 GREENVILLE, SC 29606-8859 |
| | State the term remaining | CURRENT | |
| | List the contract number of any government contract | | |
| 2.7 | State what the contract or lease is for and the nature of the debtor's interest | STANDARD PARTNER COMPENSATION SCHEDULE PAYMENTS | MARSHMCLENNAN AGENCY PO BOX 9496 NEW YORK, NY 10087-4496 |
| | State the term remaining | CURRENT | |
| | List the contract number of any government contract | | |
| 2.8 | State what the contract or lease is for and the nature of the debtor's interest | SIA AGREEMENT | NETSTOCK USA, LLC 26050 ACERO, OFFICE 409 MISSION VIEJO, CA 92587 |
| | State the term remaining | CURRENT | |
| | List the contract number of any government contract | | |
| 2.9 | State what the contract or lease is for and the nature of the debtor's interest | ADDITIONAL SERVICES AGREEMENT (4/19/2013) | PAYCOM 7501 W. MEMORIAL ROAD OKLAHOMA CITY, OK 73142 |
| | State the term remaining | CURRENT | |
| | List the contract number of any government contract | | |
| 2.10 | State what the contract or lease is for and the nature of the debtor's interest | ADDITIONAL SERVICES AGREEMENT (9/8/2014) | PAYCOM 7501 W. MEMORIAL ROAD OKLAHOMA CITY, OK 73142 |
| | State the term remaining | CURRENT | |
| | List the contract number of any government contract | | |

Debtor    Sun Paper Company, LLC    Case number (if known)    25-10675

(Name)

| List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| 2.11 | **State what the contract or lease is for and the nature of the debtor's interest** | EMPLOYER SERVICE AGREEMENT | PAYCOM<br>7501 W. MEMORIAL ROAD<br>OKLAHOMA CITY, OK  73142 |
| | **State the term remaining** | CURRENT | |
| | **List the contract number of any government contract** | | |
| 2.12 | **State what the contract or lease is for and the nature of the debtor's interest** | ENHANCED AFFORDABLE CARE ACT (ACA) AGREEMENT | PAYCOM<br>7501 W. MEMORIAL ROAD<br>OKLAHOMA CITY, OK  73142 |
| | **State the term remaining** | CURRENT | |
| | **List the contract number of any government contract** | | |
| 2.13 | **State what the contract or lease is for and the nature of the debtor's interest** | E-VERIFY | PAYCOM<br>7501 W. MEMORIAL ROAD<br>OKLAHOMA CITY, OK  73142 |
| | **State the term remaining** | CURRENT | |
| | **List the contract number of any government contract** | | |
| 2.14 | **State what the contract or lease is for and the nature of the debtor's interest** | FULL SERVICE GARNISHMENT SUPPORT SERVICES AGREEMENT | PAYCOM<br>7501 W. MEMORIAL ROAD<br>OKLAHOMA CITY, OK  73142 |
| | **State the term remaining** | CURRENT | |
| | **List the contract number of any government contract** | | |
| 2.15 | **State what the contract or lease is for and the nature of the debtor's interest** | HUMAN CAPITAL MANAGEMENT SERVICES AGREEMENT | PAYCOM<br>7501 W. MEMORIAL ROAD<br>OKLAHOMA CITY, OK  73142 |
| | **State the term remaining** | CURRENT | |
| | **List the contract number of any government contract** | | |
| 2.16 | **State what the contract or lease is for and the nature of the debtor's interest** | PAYROLL AND HUMAN CAPITAL MANAGEMENT SERVICES AGREEMENT | PAYCOM<br>7501 W. MEMORIAL ROAD<br>OKLAHOMA CITY, OK  73142 |
| | **State the term remaining** | CURRENT | |
| | **List the contract number of any government contract** | | |

| Debtor | Sun Paper Company, LLC | Case number (if known) | 25-10675 |
|---|---|---|---|
| | (Name) | | |

| List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|

| 2.17 | **State what the contract or lease is for and the nature of the debtor's interest** | PAYROLL SERVICE AGREEMENT | PAYCOM<br>7501 W. MEMORIAL ROAD<br>OKLAHOMA CITY, OK  73142 |
|---|---|---|---|
| | **State the term remaining** | CURRENT | |
| | **List the contract number of any government contract** | | |
| 2.18 | **State what the contract or lease is for and the nature of the debtor's interest** | ON-PREMISE SUBSCRIPTION ORDER | SAGE SOFTWARE INC.<br>14855 COLLECTIONS CENTER DR<br>CHICAGO, IL  60693 |
| | **State the term remaining** | CURRENT | |
| | **List the contract number of any government contract** | | |
| 2.19 | **State what the contract or lease is for and the nature of the debtor's interest** | SUBSCRIPTION ORDER | SAGE SOFTWARE INC.<br>14855 COLLECTIONS CENTER DR<br>CHICAGO, IL  60693 |
| | **State the term remaining** | CURRENT | |
| | **List the contract number of any government contract** | | |
| 2.20 | **State what the contract or lease is for and the nature of the debtor's interest** | SPS COMMERCE AGREEMENT | SPS COMMERCE, INC.<br>PO BOX 205782<br>DALLAS, TX  75320-5782 |
| | **State the term remaining** | CURRENT | |
| | **List the contract number of any government contract** | | |

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

| | |
|---|---|
| Debtor | Sun Paper Company, LLC |
| United States Bankruptcy Court for the: | Delaware |
| Case number (if known) | 25-10675 |

☐ Check if this is an amended filing

## Official Form 206H

## Schedule H: Codebtors                                                    12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

| | |
|---|---|
| **1.** | **Does the debtor have any codebtors?** |
| | ☐ No.  Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form. |
| | ☒ Yes. |

**2.** In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G*. Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | *Check all schedules that apply* |
| 2.1 DOUBLETREE PAPER MILLS, L.L.C. | 31201 W. THAYER ROAD GILA BEND, AZ  85337 | NXT CAPITAL | ☒ D<br>☐ E/F<br>☐ G |
| 2.2 ROYAL INTERCO, LLC | 711 NORTH 17TH AVENUE PHOENIX, AZ  85007 | NXT CAPITAL | ☒ D<br>☐ E/F<br>☐ G |
| 2.3 ROYAL PAPER, LLC | 711 NORTH 17TH AVENUE PHOENIX, AZ  85007 | NXT CAPITAL | ☒ D<br>☐ E/F<br>☐ G |

**Fill in this information to identify the case:**

Debtor    Sun Paper Company, LLC

United States Bankruptcy Court for the:    Delaware

Case number    25-10675
(if known)

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

| | **Declaration and signature** |
|---|---|

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule*

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   05/06/2025
      MM / DD / YYYY

✖   /s/ Michael Ragano
Signature of individual signing on behalf of debtor

Michael Ragano
Printed name

Chief Restructuring Officer
Position or relationship to debtor